MAYWOOD INDUSTRIES, Appellant, v. THE INDUSTRIAL COMMIS-SION et al. (Porfirio Ponce De Leon, Appellee).

First District (Industrial Commission Division)   No. 1—84—0380WC

Opinion filed August 22, 1984.

Discipio, Martay, Caruso & Simard, of Chicago (Raymond M. Simard, of counsel), for appellant.

No appearance for appellee.

JUSTICE BARRY delivered the opinion of the court:
The petitioner, Porfirio Ponce De Leon, filed a claim for benefits under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 et seq.). The claimant suffered an inguinal hernia while un-

loading freight during his employment with the respondent, Maywood Industries. The parties executed a stipulation sheet indicating that the only matters in dispute were the nature and extent of the injury and the petitioner's eligibility for 9²/₇ weeks of temporary total disability.

The arbitrator awarded the petitioner the disputed temporary disability benefits and additionally awarded benefits for 7¹/₂% of the whole person. The Industrial Commission reversed the award of permanent disability and found that the petitioner was still temporarily disabled at the time of the hearing before the Commission. Consequently, the Commission remanded the cause to the arbitrator for development of a plan for vocational rehabilitation. The circuit court of Cook County confirmed the Commission's order on May 10, 1983. The respondent brings this appeal from the circuit court's judgment.

The respondent raises four issues on appeal. We do not reach the merits of these issues, however, because the decision of the Industrial Commission was not a final, appealable order under *International Paper Co. v. Industrial Com.* (1984), 99 Ill. 2d 458.

The claimant in *International Paper Co.* was awarded benefits by the arbitrator for both total temporary and permanent partial disability. The Industrial Commission found that the claimant's condition had not reached a state of permanency and therefore reversed the award for permanent partial disability. The Commission therefore remanded the cause to the arbitrator for a hearing on the question of vocational rehabilitation. This remand was phrased in the general statutory language of section 8(a) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(a)). The Commission's decision was confirmed by the circuit court.

On review, the Illinois Supreme Court noted that, because the cause was remanded, the Commission's decision mandated further administrative proceedings. The court therefore found that the Commission's decision was not a final appealable determination and that the circuit court had no jurisdiction to review the decision. The *International Paper Co.* court held that decisions of the Commission which include general rehabilitation awards requiring further proceedings are interlocutory.

The decision in *International Paper Co.* is dispositive of the case before us. In both *International Paper Co.* and the instant case, a finding of permanent partial was reversed and benefits were awarded instead for additional weeks of total temporary disability. In both cases, the cause was consequently remanded for hearings on vocational rehabilitation. Finally, in both cases, the remand was phrased only in the general language of the Act. The instant case falls

squarely within the holding of *International Paper Co.*. We, therefore, find that the circuit court of Cook County did not have jurisdiction to review the decision of the Industrial Commission.

Accordingly, the judgment of the circuit court of Cook County is vacated and the cause remanded to the arbitrator for further proceedings.

Vacated and remanded.

SEIDENFELD, P.J., McNAMARA, WEBBER, and KASSERMAN, JJ., concur.